**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**NICOLE POMA,**

        **Plaintiff,**

**v.**                                                **Case No: 6:20-cv-931-GKS-LRH**

**COMMISSIONER OF SOCIAL**
**SECURITY,**

        **Defendant.**

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

Nicole Poma ("Claimant") appeals the final decision of the Commissioner of Social Security ("the Commissioner") denying her applications for disability insurance benefits ("DIB") and Supplemental Security Income ("SSI"). Doc. No. 1. Claimant raises two arguments challenging the Commissioner's final decision, and, based on those arguments, requests that the matter be reversed for an award of benefits, or alternatively, remanded for further administrative proceedings. Doc. No. 31, at 14, 31, 35. The Commissioner asserts that the decision of the Administrative Law Judge ("ALJ") is supported by substantial evidence and should be affirmed. *Id.* at 35. For the reasons discussed herein, it is respectfully **RECOMMENDED** that the Commissioner's final decision be **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g).

**I.     PROCEDURAL HISTORY.**

On May 17, 2017, Claimant filed applications for DIB and SSI, alleging that she became disabled on January 1, 2015. R. 16, 71–72, 105–06, 192–99. Her claims were denied initially and

on reconsideration, and she requested a hearing before an ALJ.  R. 114–34.  A hearing was held before the ALJ on April 9, 2019, at which it appears that Claimant was represented by an attorney.  R. 29-49.[1]  Claimant, her mother Robin Overeem, and a vocational expert ("VE") testified at the hearing.  *Id.*

The ALJ subsequently issued an unfavorable decision finding that Claimant was not disabled.  R. 16–22.  Claimant sought review of the ALJ's decision by the Appeals Council.  R. 188–90, 361–62.  On March 25, 2020, the Appeals Council denied the request for review.  R. 1–6.  Claimant now seeks review of the final decision of the Commissioner by this Court.  Doc. No. 1.

## II.  THE ALJ'S DECISION.[2]

After considering the entire record, the ALJ performed the five-step evaluation process as set forth in 20 C.F.R. §§ 404.1520(a) and 416.920(a).  R. 16–22.[3]  First, the ALJ found that Claimant met the insured status requirements of the Social Security Act through June 30, 2015.  R.

---

[1] The hearing transcript reflects that Claimant was represented by "Robert Hicks, Attorney for Claimant."  *See* R. 29, 31.  However, elsewhere the record reflects that Mr. Hicks was a non-attorney representative.  *See* R. 16, 120, 304.

[2] Upon a review of the record, the undersigned finds that counsel for the parties have adequately stated the pertinent facts of record in the Joint Memorandum.  Doc. No. 31.  Accordingly, the undersigned adopts those facts included in the body of the Joint Memorandum by reference and only restate them herein as relevant to considering the issues raised by Claimant.

[3] An individual claiming Social Security disability benefits must prove that he or she is disabled.  *Moore v. Barnhart*, 405 F.3d 1208, 1211 (11th Cir. 2005) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).  "The Social Security Regulations outline a five-step, sequential evaluation process used to determine whether a claimant is disabled: (1) whether the claimant is currently engaged in substantial gainful activity; (2) whether the claimant has a severe impairment or combination of impairments; (3) whether the impairment meets or equals the severity of the specified impairments in the Listing of Impairments; (4) based on a residual functional capacity ('RFC') assessment, whether the claimant can perform any of his or her past relevant work despite the impairment; and (5) whether there are significant numbers of jobs in the national economy that the claimant can perform given the claimant's RFC, age, education, and work experience."  *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citing *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004); 20 C.F.R. §§ 404.1520(a)(i)–(v), 416.920(a)(i)–(v)).

18. Second, the ALJ concluded that Claimant had not engaged in substantial gainful activity since the alleged disability onset date of January 1, 2015.  *Id.*  Third, the ALJ found that Claimant suffered from the following severe impairments:  affective disorder (depression), anxiety, and obsessive-compulsive disorder.  *Id.*[4]  Fourth, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or equaled a listed impairment in 20 C.F.R. Part 404, Subpart P, Appendix 1.  R. 19.

After careful consideration of the entire record, the ALJ found that Claimant had the residual functional capacity ("RFC") to perform a full range of work at all exertional levels[5] with the following limitations:

> [N]o interaction/contact with the public, and occasional interaction with coworkers and supervisors only to the extent needed to perform work tasks.  Tasks should be simple, learned in 30 days, and performed independently at her own workstation. Avoid: work at heights, and work with dangerous machinery and dangerous tools.

R. 19–20.

The ALJ concluded that Claimant was unable to perform any past relevant work, including work as a Sales Clerk or File Clerk I.  R. 21.  However, considering Claimant's age, education, work experience, and RFC, as well as the testimony of the VE, the ALJ found that there were jobs existing in significant numbers in the national economy that Claimant could perform, such as Addresser; Document Preparer Microfilming; and Parimutuel-Ticket Checker.  R. 21–22. Accordingly, the ALJ concluded that Claimant was not disabled.  R. 22.

---

[4] The ALJ also noted that Claimant testified as to side effects of medication causing stomach upset and headaches, but the ALJ found that the evidence failed to demonstrate that those conditions were severe. R. 18.

[5] Although in the RFC determination the ALJ states that Claimant could perform a full range of work at all exertional levels, the ALJ later states that Claimant could perform "medium work consistent with the RFC herein."  *Compare* R. 19, *with* R. 21.

### III. STANDARD OF REVIEW.

Because Claimant has exhausted her administrative remedies, the Court has jurisdiction to review the decision of the Commissioner pursuant to 42 U.S.C. § 405(g), as adopted by reference in 42 U.S.C. § 1383(c)(3). The scope of the Court's review is limited to determining whether the Commissioner applied the correct legal standards and whether the Commissioner's findings of fact are supported by substantial evidence. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011). The Commissioner's findings of fact are conclusive if they are supported by substantial evidence, 42 U.S.C. § 405(g), which is defined as "more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997).

The Court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the Commissioner's decision, when determining whether the decision is supported by substantial evidence. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). The Court may not reweigh evidence or substitute its judgment for that of the Commissioner, and, even if the evidence preponderates against the Commissioner's decision, the reviewing court must affirm if the decision is supported by substantial evidence. *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983).

### IV. ANALYSIS.

In the joint memorandum, which the undersigned has reviewed, Claimant raises two assignments of error: (1) the ALJ erred in the RFC determination, after failing to properly consider the opinions of Dr. Kazi Ahmad; and (2) the ALJ improperly relied on the testimony of the VE after posing and relying on a hypothetical to the VE that did not adequately reflect Claimant's limitations.

Doc. No. 31. These two issues are interrelated, but the undersigned finds the first assignment of error dispositive of this appeal for the reasons stated herein.

The ALJ is tasked with assessing a claimant's RFC and ability to perform past relevant work. *Phillips v. Barnhart*, 357 F.3d 1232, 1238 (11th Cir. 2004). The RFC "is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis*, 125 F.3d at 1440. In determining a claimant's RFC, the ALJ must consider all relevant evidence, including the opinions of medical and non-medical sources. 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3).

Claimant filed her applications for DIB and SSI on May 17, 2017. R. 16, 71–72, 105–06, 192–99. Effective March 27, 2017, the Social Security Administration implemented new regulations related to the evaluation of medical opinions, which provide, in pertinent part, as follows:

> (a) How we consider medical opinions and prior administrative medical findings. We will not defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from your medical sources. When a medical source provides one or more medical opinions or prior administrative medical findings, we will consider those medical opinions or prior administrative medical findings from that medical source together using the factors listed in paragraphs (c)(1) through (c)(5) of this section, as appropriate. The most important factors we consider when we evaluate the persuasiveness of medical opinions and prior administrative medical findings are supportability (paragraph (c)(1) of this section) and consistency (paragraph (c)(2) of this section). We will articulate how we considered the medical opinions and prior administrative medical findings in your claim according to paragraph (b) of this section.

20 C.F.R. §§ 404.1520c(a), 416.920c(a). Subparagraph (c) provides that the factors to be considered include: (1) supportability; (2) consistency; (3) relationship with the claimant (which includes consideration of the length of treatment relationship; frequency of examination; purpose of treatment relationship; extent of treatment relationship; and examining relationship); (4)

specialization; and (5) other factors that tend to support or contradict a medical opinion or prior administrative medical finding. *Id.* §§ 404.1520c(c), 416.920c(c).

Pursuant to the new regulations, the Commissioner is not required to articulate how he "considered each medical opinion or prior administrative medical finding from one medical source individually." *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). However, pursuant to the regulations, the most important factors the Commissioner will consider when determining the persuasiveness of medical opinions are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). The regulations state that the Commissioner will explain how he considered the supportability and consistency factors in the determination or decision. *Id.* Thus, "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, No. 4:18CV693CDP, 2019 WL 3412616, *4 (E.D. Mo. July 29, 2019)). *See also Knecht v. Comm'r of Soc. Sec.*, No. 3:19-CV-000759, 2020 WL 4530725, at *7 (M.D. Pa. Aug. 6, 2020) ("Supportability and consistency are the most important factors in determining the persuasiveness of a medical source's medical opinion." (citing 20 C.F.R. § 404.1520c(b)(2)); *Stem v. Comm'r of Soc. Sec.*, No. CV 2:19-725, 2020 WL 4548056, at *2 n.1 (W.D. Pa. Aug. 6, 2020) (citations omitted) ("Consistency and supportability are the only factors ALJs must address in their written opinions.").[6]

---

[6] Pursuant to the regulations, supportability and consistency are described as follows:

(1) Supportability. The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion(s) or prior administrative medical finding(s), the more persuasive the medical opinions or prior administrative medical finding(s) will be.

In this case, Claimant's argument centers on the ALJ's consideration of the medical opinions of Dr. Kazi Ahmad in the decision. Doc. No. 31, at 17. Dr. Ahmad is Claimant's treating physician, and has been treating Claimant on a monthly basis since at least August 2016. R. 412, 753. Dr. Ahmad completed two forms that were cited in the ALJ's decision. First, Dr. Ahmad completed a "physician's certification" of an application filed on Claimant's behalf on February 11, 2018, in which Dr. Ahmad describes Claimant's mental impairments and diagnoses, her limitations on activities of daily living and social/behavioral limitations therefrom, and Claimant's residual functionality. R. 599 (Exhibit B10F). Dr. Ahmad also completed a "Mental Impairment Medical Source Statement" on Claimant's behalf. R. 753 (Exhibit B14F). On that form, Dr. Ahmad opined as to, among other things, Claimant's signs and symptoms; Dr. Ahmad's clinical findings; Claimant's treatment and response; her medication dosages; and her prognosis. R. 753–55. Dr. Ahmad also opined as to Claimant's mental abilities and aptitude to do unskilled work, semi-skilled, or skilled work, and to do particular types of jobs. R. 755–57. Dr. Ahmad further opined as to the functional limitations experienced by Claimant as a result of her mental impairments. R. 757. Dr. Ahmad also opined that Claimant's mental impairments would cause her to be absent from work more than three times per month. R. 755.

In the decision, the ALJ reviewed Claimant's subject complaints, and briefly discussed Claimant's medical records. R. 20. Then, the ALJ stated as follows with regard to the opinion evidence of record:

---

(2) Consistency. The more consistent a medical opinion(s) or prior administrative medical finding(s) is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) or prior administrative medical finding(s) will be.

20 C.F.R. §§ 404.1520c(c)(1)–(2), 416.920c(c)(1)–(2).

> For medical opinion(s) and prior administrative medical finding(s), we do not defer or give specific evidentiary weight, including controlling weight, to same, including those from your medical sources.  We fully considered medical opinions and prior administrative medical findings in your case as follows herein.  Claimant's mother reported claimant's anxiety, depression, and OCD symptoms. (Exhibits B6E) This report was persuasive, but not as consistent with, or as persuasive as objective medical findings of record that support the RFC herein.  <u>The opinion of Dr. Kazi Ahmad is unpersuasive, and unsupported by evidence of record, as claimant is less limited than his findings suggest. (Exhibit B10F, B14F)</u> State Agency consultants' opinions at the initial and reconsideration level are generally persuasive, as their findings are consistent with and supported by evidence of record. (Exhibits B1A, B2A, B7A, B5A) The undersigned finds claimant's impairments require additional limitations, reflected in the RFC.
>
> Based on the foregoing, the undersigned finds claimant has the RFC herein, supported by symptoms of depression, anxiety, social interaction, and concentration issues found on exams.   After a thorough review of all evidence of record, including allegations, testimony, reports, objective medical findings, medical opinions, and other relevant evidence, the undersigned finds claimant capable of performing medium work consistent with the RFC herein.

R. 21 (emphasis added).  Thus, in the decision, the only basis provided by the ALJ to reject Dr. Ahmad's opinions was that his opinions were "unpersuasive, and unsupported by evidence of record, as claimant is less limited than his findings suggest."  *See id.*

On review, the undersigned agrees with Claimant that the ALJ's decision falls short of providing a sufficient rationale for rejecting Dr. Ahmad's opinions, which thus precludes the Court from determining whether the ALJ's decision was supported by substantial evidence.[7] Specifically, although the ALJ was not required to provide a detailed explanation as to her consideration of Dr. Ahmad's statements in Exhibits B10F and B14F, the ALJ was required to consider the supportability and consistency of Dr. Ahmad's opinions in accordance with 20 C.F.R. §§ 404.1520c and 416.920c.  While the decision indicates that Dr. Ahmad's opinions were

---

[7] Because Claimant only challenges the ALJ's consideration of Dr. Ahmad's opinions, the undersigned does not address the ALJ's consideration of the other opinions of record, including of Claimant's mother or the state agency consultants.

"unsupported by evidence of record," the ALJ failed to explain what she meant by that statement, or point to any medical records that contradict the findings made by Dr. Ahmad in the physician certification or the medical source statement.   Thus, in the undersigned's view, the ALJ reversibly erred.  *See, e.g.*, *Pierson v. Comm'r of Soc. Sec.*, No. 6:19-cv-01515-RBD-DCI, 2020 WL 1957597, at *4 (M.D. Fla. Apr. 8, 2020) (finding ALJ's conclusory statement that there was no support in record for physician's opinion insufficient to support ALJ's decision to reject physician testimony), *report and recommendation adopted*, 2020 WL 1955341 (M.D. Fla. Apr. 23, 2020); *see also Michael v. Saul*, No. 2:20CV238, 2021 WL 1811736, at *11 (N.D. Ind. May 6, 2021) (under new SSA regulations, finding that "the ALJ cannot merely summarize the evidence, as a whole, and then conclude that [medical] opinions are not consistent with the evidence as a whole. Rather, the ALJ must build a logical analytical bridge explaining what particular evidence undermined [the medical] opinions and why." (citing *Moore v. Colvin*, 743 F.3d 1118, 1121 (7th Cir. 2014))); *Brandy T. v. Comm'r of Soc. Sec. Admin.*, No. 1:20-CV-2994-SVH, 2021 WL 1851378, at *14 (D.S.C. May 10, 2021) (under new SSA regulations, finding ALJ reversibly erred in conclusory rejection of physician opinion for failure to adequately address supportability and consistency factors as required by new regulations).

Nonetheless, the Commissioner urges the Court to look beyond the isolated statement by the ALJ that Dr. Ahmad's opinions were "unpersuasive, and unsupported by evidence of record, as claimant is less limited than his findings suggest," arguing that the decision otherwise demonstrates the reasons for the ALJ's rejection of Dr. Ahmad's opinions, and arguing that substantial evidence supports the ALJ's RFC determination.  *See* Doc. No. 31, at 20–30.  Although the undersigned agrees with the Commissioner that the ALJ's decision must be considered in entirety, here, however, the Commissioner essentially wishes to engage in a *post hoc* rationalization of the ALJ's

conclusions. *See id.* Specifically, the Commissioner points to several records relied on by the ALJ in assessing Claimant's subjective complaints; discusses several records not relied upon by the ALJ to argue that Dr. Ahmad's findings on examination do not support his opinions; and goes through the medical evidence of record to argue that Dr. Ahmad's opinions are not consistent with other medical evidence of record. *See id.* Insofar as the Commissioner purports to cite these examples from the record stating that the ALJ's decision is supported by the evidence of record, none of which were cited or discussed or cited by the ALJ in considering Dr. Ahmad's opinions, "the undersigned will not rely on the Commissioner's post-hoc arguments" because "[t]o do so would necessarily require the undersigned to reweigh the evidence." *See Pierson*, 2020 WL 1957597, at *6 ("[T]he new regulations require an explanation, even if the ALJ (and the Commissioner) believe an explanation is superfluous."); *see also Dempsey v. Comm'r of Soc. Sec.*, 454 F. App'x 729, 733 (11th Cir. 2011) (citation and internal quotation marks omitted) ("[W]hen the ALJ fails to state with sufficient clarity the grounds for his evidentiary decisions, we will not affirm simply because some rationale might have supported the ALJ's conclusion, and instead remand for further findings at the administrative hearing level.").

For these reasons, the undersigned finds Plaintiff's first assignment of error well taken, and will respectfully recommend that the Court remand this matter to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g).[8]

Because the first assignment of error is dispositive of this appeal, the Court need not address Claimant's remaining argument that because the RFC determination was not supported by substantial evidence, the ALJ erred in relying on the testimony of the VE after posing a hypothetical

---

[8] In recommending remand of this matter for further administrative proceedings, the undersigned is not suggesting that the ALJ reach any particular conclusion. Instead, remand is necessary so that the ALJ can properly address all of the medical opinions of record, regardless of the conclusion ultimately reached.

to the VE that did not adequately reflect Claimant's limitations. *See Diorio v. Heckler*, 721 F.2d 726, 729 (11th Cir. 1983) (on remand the ALJ must reassess the entire record); *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 963 n.3 (11th Cir. 2015) (no need to analyze other issues when case must be reversed due to other dispositive errors).  However, if the Court were to reach the issue, the second assignment of error is also well taken.  Because the Court is unable to determine whether the RFC determination is supported by substantial evidence based on the ALJ's failure to adequately consider the opinions of Dr. Ahmad, the Court is likewise unable to determine that the hypothetical to the VE adequately reflected all of Claimant's limitations.  *See, e.g.*, *Cole v. Astrue*, 661 F.3d 931, 939 (6th Cir. 2011) (assessment of medical evidence and medical opinions is particularly important at step five of the sequential evaluation process "because the RFC articulated by the ALJ will be used by the vocational expert to assess the claimant's ability to perform work" and for the VE's testimony to constituted substantial evidence, the ALJ's hypothetical questions to the VE "must accurately portray a claimant's physical and mental impairments").

As a final matter, Claimant "requests that the decision of the Commissioner be reversed, and Disability Insurance benefits be granted to the Plaintiff under the Social Security Act, or, in the alternative, the case be remanded to the Commissioner for further consideration and appropriate application of the law."  Doc. No. 31, at 35.  Claimant provides no further argument or authority in support.  *See id.*  A reversal for an award of benefits is only appropriate where the Commissioner has already considered the essential evidence and it establishes disability beyond a doubt, *Davis v. Shalala*, 985 F.2d 528, 534 (11th Cir. 1993), or where the Claimant has suffered an injustice, *see Walden v. Schweiker*, 672 F.2d 835, 840 (11th Cir. 1982).  Here, neither the reasons necessitating reversal nor the record establish that the Claimant is disabled beyond a doubt. Accordingly, the undersigned respectfully recommends that the Court reject the Claimant's request

to remand the case for an award of benefits, and, instead, recommends remand of the matter for further proceedings so that the ALJ may address the issues identified in this Report and Recommendation.

## V. RECOMMENDATION.

Upon consideration of the foregoing, it is **RESPECTFULLY RECOMMENDED** that the Commissioner's final decision be **REVERSED and REMANDED** for further proceedings pursuant to sentence four of 42 U.S.C. § 405(g), the Clerk of Court be **DIRECTED** to enter judgment in favor of Claimant and against the Commissioner, and thereafter, to **CLOSE** the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Recommended in Orlando, Florida on May 18, 2021.

_____
LESLIE R. HOFFMAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record