UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**NICOLE POMA,**

    **Plaintiff,**

v.                                          Case No: 6:20-cv-931-GKS-LRH

**COMMISSIONER OF SOCIAL
SECURITY,**

    **Defendant.**

___

# <u>ORDER</u>

THIS CAUSE concerns Plaintiff Nicole Poma's (Poma) appeal from a final decision of the Commissioner of the Social Security Administration (Commissioner) denying her application for disability insurance benefits (DIB) and Supplemental Security Income (SSI). On October 28, 2020, the Commissioner filed a certified copy of the record of administrative proceedings related to Plaintiff's case. (*See* Administrative Record, filed at Doc. 26, hereinafter referred to as "R.").

The United States Magistrate Judge entered a report and recommendation (Report and Recommendation) (Doc. 32), on May 18, 2021, recommending that the Commissioner's decision be reversed and remanded for further proceedings pursuant to 42 U.S.C. § 405(g). *Id.* at 12. As set forth below, the Court respectfully

declines to adopt the Report and Recommendation and will affirm the Commissioner's decision.

## I. BACKGROUND

On May 17, 2017, Plaintiff filed applications for DIB and SSI alleging that she became disabled on January 1, 2015. R. 16, 71–72, 105–06, 192–99. Plaintiff's claims were denied initially on October 18, 2017, and on reconsideration on January 12, 2018. R. 114–34. Plaintiff requested a hearing before an administrative law judge (ALJ) which was held on April 9, 2019, before administrative law judge Pamela Houston, (Hearing Transcript, Doc. 26-2, and R. 29-49). Plaintiff appeared with her representatives.[1] (*Id.*).

The ALJ determined that although Plaintiff "was unable to perform any past relevant work, including work as a Sales Clerk or File Clerk I., (R. 21)," considering her age, education, work experience, and RFC (Residual Functional Capacity), as well as the testimony of the VE (Vocational Expert), there were jobs existing in significant numbers in the national economy that she could perform, such as Addresser; Document Preparer Microfilming; and Parimutuel-Ticket Checker. (R. 21-22). Thus, the ALJ issued an unfavorable decision determining that Plaintiff was not disabled. (R. 16-22).

---

[1] It appears that neither of Plaintiff's representatives were attorneys. (R. 110-111, Doc. B1B).

After exhausting her administrative remedies,[2] Plaintiff filed her Complaint in this Court on May 28, 2020, seeking review of the final decision of the Commissioner. (Doc. 1). Thereafter, on April 13, 2021, the parties submitted a Joint Memorandum of Law (Doc. 31), addressing their differing positions. Subsequently, the United States Magistrate Judge entered the Report and Recommendation (Doc. 32), recommending that the Commissioner's decision be reversed and remanded because "the ALJ's decision falls short of providing a sufficient rationale for rejecting Dr. Ahmad's opinions, which thus precludes the Court from determining whether the ALJ's decision was supported by substantial evidence." (*Id.* at 8).

## II. STANDARD OF REVIEW

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence in the record as a whole. *See McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *see also* 42 U.S.C. § 405(g), § 1383(c)(3).

An ALJ's factual findings shall be conclusive if supported by substantial evidence. 42 U.S.C. § 405(g), § 1383(c)(3). "Substantial evidence is more than a scintilla, but less than a preponderance. It is such relevant evidence as a reasonable

---

[2] On March 25, 2020, the Social Security Administration's Appeals Council denied review the 2019 Decision. R. 1–6.

3

person would accept as adequate to support a conclusion." *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983) (citing, *inter alia*, *Richardson v. Perales*, 402 U.S. 389, 401 (1971)).

Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid. *Keeton v. Dept. of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994) (citing *Cornelius v. Sullivan*, 936 F.2d 1143, 1145 (11th Cir. 1991), and *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990)). "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Id.* (citing *Cornelius*, 936 F.2d at 1146, and *Martin*, 894 F.2d at 1529).

Additionally, a court reviewing the Commissioner's decision must "view the record as a whole, taking into account evidence favorable as well as unfavorable to the decision." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986)). However, the reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner]." *Bloodsworth*, 703 F.2d at 1239.

### III. DISCUSSION

Plaintiff Poma seeks either reversal of the Commissioner's decision and granting of Disability Insurance benefits to her under the Social Security Act or, alternatively, that her case be remanded to the Commissioner for further

consideration and appropriate application of the law. (Doc. No. 31:35). Plaintiff challenges the Commissioner's final decision based upon two grounds: (1) the Administrative Law Judge (ALJ) erred in the RFC determination after failing to properly consider the opinions of Dr. Kazi Ahmad, and (2) the ALJ improperly relied on the testimony of the Vocational Expert after posing and relying on a hypothetical that did not adequately reflect Plaintiff's limitations. (Doc. Nos. 32:4-5; 31:31-34). The Commissioner asserts that the decision of the ALJ is supported by substantial evidence and should be affirmed. (Doc. 31:35).

The United States Magistrate Judge based her recommendation to reverse and remand this case for further proceedings upon Plaintiff's first assignment of error,[3] that is, because the ALJ's Plaintiff's Residual Functional Capacity determination failed to properly consider the opinions of Plaintiff's treating physician, Dr. Kazi Ahmad. (Doc. 32:4-5). Specifically, she reasoned that while the decision [of the ALJ] indicates that Dr. Ahmad's opinions were "'unsupported by evidence of record,' the ALJ failed to explain what she meant by that statement, or point to any medical records that contradict the findings made by Dr. Ahmad in the physician certification or the medical source statement." (Doc. 32:9).

---

[3] However, the United States Magistrate Judge further stated that "if the Court were to reach the issue, the second assignment of error is also well taken." (Doc. 32:11).

As the United States Magistrate recognized

> [p]ursuant to the new regulations, the Commissioner is <u>not required to articulate how he "considered each medical opinion or prior administrative medical finding from one medical source individually."</u> *Id.* §§ 404.1520c(b)(1), 416.920c(b)(1). However, pursuant to the regulations, the most important factors the Commissioner will consider when determining the persuasiveness of medical opinions are supportability and consistency. *Id.* §§ 404.1520c(b)(2), 416.920c(b)(2). The regulations state that the Commissioner will explain how he considered the supportability and consistency factors in the determination or decision. *Id.* Thus, "[o]ther than articulating his consideration of the supportability and consistency factors, the Commissioner is not required to discuss or explain how he considered any other factor in determining persuasiveness." *Freyhagen v. Comm'r of Soc. Sec. Admin.*, No. 3:18-cv-1108-J-MCR, 2019 WL 4686800, at *2 (M.D. Fla. Sept. 26, 2019) (citing *Mudge v. Saul*, No. 4:18CV693CDP, 2019 WL 3412616, *4 (E.D. Mo. July 29, 2019)).

(Report and Recommendation, Doc. 32:6) (emphasis added).

In her decision the ALJ

> considered medical opinions and prior administrative medical findings in your case as follows herein. Claimant's mother reported claimant's anxiety, depression, and OCD symptoms. (Exhibits B6E) This report was persuasive, but not as consistent with, or as persuasive as objective medical findings of record that support the RFC herein. The opinion of Dr. Kazi Ahmad is unpersuasive, and unsupported by evidence of record, as claimant is less limited than his findings suggest. (Exhibit B10F, B14F) <u>State Agency consultants' opinions at the initial and reconsideration level are generally persuasive, as their findings are consistent with and supported by evidence of record. (Exhibits B1A,</u>

>  B2A, B7A, B5A) The undersigned finds claimant's impairments require additional limitations, reflected in the RFC.
>
> Based on the foregoing, the undersigned finds claimant has the RFC herein, supported by symptoms of depression, anxiety, social interaction, and concentration issues found on exams. After a thorough review of all evidence of record, including allegations, testimony, reports, objective medical findings, medical opinions, and other relevant evidence, the undersigned finds <u>claimant capable of performing medium work consistent with the RFC herein</u>.

R. 21 (emphasis added).

The ALJ's Findings of Fact and Conclusions of Law number 5 included a review of Plaintiff's medical records, medical opinions, and prior administrative medical findings in assessing Plaintiff's limitations and RFC. (R.20-21). Moreover, in finding Dr. Ahmad's opinion unpersuasive and unsupported by the evidence of record, the ALJ specifically relied upon Exhibits B1A, B2A, B7A, B8A, which are Disability Determination Explanations containing medical records and opinions by Robert Steele, M.D., from October 2017, and Maurice Rudman, Ph.D., from January 2018, each determining that Plaintiff was not disabled based upon the evidence of record. ALJ Houston was not required to explain further what she meant by "unpersuasive and unsupported by the evidence of record" in connection with Dr. Ahmad's opinions. Her determination is sufficient as she

considered the supportability and consistency of Dr. Ahmad's opinions with other evidence of record in accordance with 20 C.F.R. §§ 404.1520c and 416.920c.

## IV. CONCLUSION

Each of ALJ Houston's findings is supported by substantial evidence and ALJ Houston applied the proper legal analysis to Plaintiff's claims for disability insurance benefits and Supplemental Security Income claims. Accordingly, after review and consideration of the record as a whole, taking into account evidence both favorable and unfavorable to Plaintiff Nicole Poma's claims, it is hereby **ORDERED** and **ADJUDGED** as follows:

1. United States Magistrate Judge Leslie R. Hoffman's Report and Recommendation (Doc. 32) is **REJECTED**.

2. The Commissioner's final decision in this case is **AFFIRMED**.

3. The Clerk of the Court is directed to **ENTER JUDGMENT** accordingly and **CLOSE** this case.

**DONE AND ORDERED** at Orlando, Florida, this ___ day of June, 2021.

G. KENDALL SHARP
SENIOR UNITED STATES DISTRICT JUDGE

Copies to:
Counsel of Record
Unrepresented Parties

8